UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARSHALL, KAREN,

      Plaintiff,

v.                                                                              Case No.:

SWISSPORT FUELING, INC.,

      Defendant.

_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Swissport Fueling, Inc. (hereinafter "Defendant"), by and through its undersigned attorney, hereby gives notice that the civil action currently pending in the Circuit Court for the Twentieth Judicial Circuit, Lee County, Florida, identified as *Marshall, Karen v. Swissport Fueling, Inc.*, Case No.: 20-CA-003450, is removed to this Court without waiving any rights to which Defendant may be entitled, and says:

Pursuant to 28 U.S.C. §1446(a), copies of all record documents, including all orders, pleadings, and process which have to date been served upon Defendant are attached as Exhibit A.

The Complaint in the above action was filed in the Circuit Court for the Twentieth Judicial Circuit on or about May 29, 2020, and served pursuant to Florida Statute § 624.423 on Defendant on June 5, 2020. In compliance with 28 U.S.C. §1446(b), this Notice of Removal is timely filed within thirty (30) days of Defendant ascertaining that this case is removable.

## I.    Diversity of Citizenship

Plaintiff is a resident of and is domiciled in Lee County, Florida. <u>See</u> Ex. A, ¶ 3 of Plaintiff's Complaint. Plaintiff is therefore a citizen of the State of Florida for purposes of this Court's diversity jurisdiction. Defendant is incorporated in the state of Delaware and its principal

place of business is in the state of Virginia. <u>See</u> Ex. B, Declaration of Greg Smith. Accordingly, for purposes of jurisdiction under 28 U.S.C. § 1332(a), Defendant is not a citizen of the State of Florida.

Therefore, at all relevant times herein, Plaintiff was a resident and citizen of the State of Florida, and Defendant was a citizen of a state other than Florida. At the time of the filing of this action, and as of the date of this removal, there is complete diversity of citizenship between the parties.

## II.    Amount in Controversy

The amount in controversy between Plaintiff and Defendant exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interests and costs. Although Plaintiff has alleged that "[t]his is an action for damages greater than $30,000 and less than $75,000, exclusive of costs, interest, and attorney's fees," Defendant submits that this limitation of damages was solely made to avoid legitimate removal jurisdiction. Importantly, Plaintiff makes a claim for punitive damages of $100,000 in his prayer for relief. Plaintiff's blatant and inconsistent attempt to circumvent removal must fail.

Generally when a plaintiff asserts a specific claim for damages that is less than the jurisdictional amount in the *ad damnum* (prayer for relief) clause, the defendant must prove to a legal certainty that the plaintiff would not recover below the jurisdictional amount. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (11th Cir.1994). On the other hand, courts in the Eleventh Circuit have held that when a plaintiff only puts the limitation on damages in the jurisdictional statement and fails to make a specific demand for damages in the *ad damnum* clause, the heightened standard explained in *Burns* does not apply. <u>See</u> *Golden v. Dodge-Markham Co., Inc.*, 1 F.Supp.2d 1360, 1363 (M.D. Fla. 1998) (although the plaintiff alleged that the action was for less than $75,000 in

the jurisdictional statement, the Court found that the preponderance of the evidence standard applied because the plaintiff made an unspecified demand for damages in the *ad damnum* clause); <u>see also</u> *Toney v. United Space Alliance*, 2008 WL 11437038, at *2 (M.D. Fla. 2008) (stating that "[w]here the plaintiff alleges a jurisdictional range such as 'an action for damages that exceed $15,000, but less than $75,000,' it is unclear whether this statement is considered a specific claim for damages."); *Hill v. Allianz Life Insurance Company of North America*, 2016 WL 10540906, at *2 (M.D. Fla. 2016) (determining that "the *ad damnum* clause does not contain a demand for specific damages, and the preponderance standard should apply.").

In the instant matter, Plaintiff's limitation on damages is exclusively contained in the jurisdictional statement. <u>See</u> Ex. A ¶ 2. Plaintiff did not make a specific demand in the *ad damnum* clauses of the Complaint that is less than the jurisdictional amount. On the contrary, Plaintiff made a specific demand for punitive damages in the amount of $100,000 in the *ad damnum* clauses following each count in her Complaint. Because the amount in the *ad damnum* clauses contradict that of the jurisdictional statement, the Court must look to the *ad damnum* clause in determining the Defendant's burden of proof. <u>See</u> *Hill*, 2016 WL 10540906 at *2. Therefore and in accordance with case law from the Eleventh Circuit, Defendant's burden of proving the amount in controversy is the preponderance of the evidence standard.

In determining the amount in controversy using the preponderance of the evidence standard, the district court may consider whether it is "facially apparent" from the complaint that the jurisdictional amount in controversy is met. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Additionally, the court is permitted "to make 'reasonable deductions, reasonable inference, or other reasonable extrapolations' from the pleadings." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d

6807489v.1

744, 754 (11th Cir. 2010)).  Courts may "use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id*. at 1062.  The "removing defendant is not required to prove the amount in controversy beyond all reasonable doubt", but rather only by a preponderance of the evidence.  *Pretka*, 608 F.3d at 752, 754.  Further, in examining this issue, the question is not whether the plaintiff *would actually* recover a specific amount of damages, but rather whether [s]he *could* do so.  See *Wineberger v. Racetrac Petroleum, Inc.,* 2015 WL 225760, *3 (M.D. Fla. Jan. 16, 2015) (citing *McDaniel v. Fifth Third Bank*, 568 Fed Appx. 729, 731 (11th Cir. 2014)).  "The appropriate measure is the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint." *Jackson v. Am. Bankers Ins. Co.*, 976 F.Supp. 1450, 1454 (S.D. Ala. 1997) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994)).  "[R]ecent Eleventh Circuit decisions promote a greater reliance on a court's judicial experience and common sense based on the evidence presented and the nature of the claims alleged in determining whether the jurisdictional threshold is reached." *Cowan v. Genesco, Inc.*, 2014 WL 3417656, at *4 (M.D. Fla. July 14, 2014).

Plaintiff alleges that Defendant violated the Florida Civil Rights Act by subjecting her to a hostile work environment and sexual harassment which resulted in a tangible employment action and retaliating against her for engaging in protected activity. See generally Ex. A.  Although Plaintiff pled that this action does not exceed $75,000, Plaintiff has specifically made a claim for $100,000 punitive damages in addition to back pay, lost benefits, compensatory damages for mental anguish and loss of dignity, reasonable attorney's fees and costs, and prejudgment interest. As an initial matter, it is facially apparent from the face of the Complaint that the jurisdictional

threshold is exceeded because Plaintiff has made a claim for $100,000 in punitive damages in the *ad damnum* clauses following each of her counts.

Further, the Florida Civil Rights Act allows recovery for back pay, compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and other intangible injuries, punitive damages, and attorneys' fees. Fla. Stat. § 760.11(5). The Court must consider each of these in calculating the amount in controversy. *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."). While Defendant does not concede that Plaintiff is entitled to any of these damages, it is possible that Plaintiff would receive such damages if she is able to prevail on her claims. Therefore, Plaintiff's total potential damages under all these categories exceeds the jurisdictional limit.

Although Defendant denies Plaintiff is entitled to any relief whatsoever, Plaintiff's potential economic damages are approximately $22,464.00. At the time that Plaintiff resigned, she was employed on a part-time basis earning $12.00 per hour. She worked approximately six hours per day, three days per week. See Ex. B. Therefore, she earned approximately $432.00 on a bi-weekly basis. See Ex. B. Plaintiff's employment ended on July 19, 2019, thus potentially entitling her to approximately one year of back pay as of July 19, 2020, totaling $11,232.00. Assuming a trial date of approximately one year from today's date, Plaintiff could be entitled to approximately $22,464 in back pay.

Plaintiff is also seeking damages for emotional distress. Under the law, the Court is allowed to consider the potential award of compensatory damages in order to determine whether the amount in controversy exceeds $75,000. See *Cowan*, 2014 WL 3417656, at *4 (finding that the

jurisdictional amount was more likely than not exceeded in light of the nature of plaintiff's claims, the amount awarded in similar cases, and plaintiff's failure to stipulate otherwise). Although Plaintiff has not specifically pled that she is entitled to a certain amount of compensatory damages, she has alleged that she suffered mental anguish and loss of dignity. "[A] plaintiff can establish entitlement to emotional pain and suffering damages through his own trial testimony." *Myers v. Cent. Fla. Invs., Inc.*, 2008 WL 4710898, at *12 (M.D. Fla. Oct. 23, 2008). "Medical testimony in corroboration of emotional distress is not required." *Id.*

Taking into consideration Plaintiff's claims and the amounts awarded in similar cases, it is reasonable for this Court to deduce that Plaintiff's damages for emotional distress could surpass the jurisdictional threshold.[1] Awards of compensatory damages for intangible emotional distress frequently equal or exceed $75,000, even when there is scant evidence supporting the claim. See *Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340 (11th Cir. 2000) (affirming $150,000 compensatory damages award under the FCRA); *Bernstein v. Sephora*, 182 F.Supp.2d 1214 (S.D. Fla. 2002) (granting $75,000 compensatory damages award); *Hill v. Xerox Corp.*, 998 F.Supp. 1378 (N.D. Fla. 1998) (upholding $457,000 jury award of compensatory damages in employment discrimination case); *United States Equal Employment Opportunity Commission v. Favorite Farms, Inc.*, 2019 WL 2255662, at *9 (M.D. Fla. 2019) (appeal filed) (denying defendant's motion for remittitur and upholding the award of $150,000 for plaintiff's sexual harassment claims). Plaintiff alleged that her supervisor stated that "he wanted to have sex with Plaintiff and her girlfriend." He allegedly "explicitly described how he would have sex with Plaintiff and stated 'you know I could [f**k] you right?'" Plaintiff further alleged that her supervisor tried to touch her hair and then "came very close to Plaintiff and put his groin area up to Plaintiff's face, almost

---

[1] It is worth noting that there is no limit on the amount of compensatory damages that a plaintiff could recover under the FCRA. See Fla. Stat. § 760.11(5).

making contact." If true, these allegations are certainly comparable to those cited herein. Therefore, this Court can reasonably conclude based on judicial experience and prior cases that Plaintiff's claims for "mental anguish and loss of dignity" could support an award of at least $60,000.

Plaintiff is also seeking punitive damages of a specified amount of $100,000. The Middle District has held that to the extent the *ad damnum* clause contains a specific damages claim, this amount should be used to determine the jurisdictional threshold. See *Hill*, 2016 WL 10540906 at *2 (finding that, contrary to the general allegation, Plaintiff specified damages totaling at least $80,000 and therefore the jurisdictional amount was exceeded). As such, the jurisdictional threshold is exceeded because Plaintiff has made a specific demand for punitive damages which exceeds $75,000. Further, $100,000 in punitive damages is supported by awards for punitive damages in FRCA cases. *United States Equal Employment Opportunity Commission v. Favorite Farms, Inc.*, 2019 WL 2255662, at *9 (M.D. Fla. 2019) (appeal filed) (upholding an award of punitive damages of $150,000 for plaintiff's sexual harassment claims).

Based on the allegations in Plaintiff's Complaint, the nature of her claims, other awards issues in FCRA cases, and her demand for a specific award of punitive damages in the *ad damnum* clauses, Defendant has shown that the value of Plaintiff's claim more likely than not exceeds the jurisdictional amount. See *Penalver*, 2012 WL 1317621, at *3 (finding that the aggregate amount of estimated back pay, front pay, compensatory damages, punitive damages, and attorneys' fees shows that it is more likely than not that the amount in controversy is exceeded). Specifically, Plaintiff's potential damages are $182,464.00 and are summarized as follows:

| | |
|---|---|
| Back pay | $22,464.00 |
| Emotional distress | $60,000.00 |
| Punitive damages | $100,000.00 |
| Total damages | $182,464.00 |

7

Accordingly, based on the totality of the circumstances, reasonable estimates, common sense, and Plaintiff's demand for an award of punitive damages in the amount of $100,000, the amount Plaintiff has placed in controversy exceeds $75,000.

Because this Court has original jurisdiction over the State Court Action under 28 U.S.C. § 1332, and the requirements for diversity jurisdictions are met, this case is properly removable pursuant to 28 U.S.C. § 1441(a).

Pursuant to 28 U.S.C. § 1446(d), concurrent with the filing and service of this Notice of Removal, Defendant's Notice to Plaintiff of Removal has been served upon counsel for Plaintiff, Jason L. Gunter, Conor P. Foley, Gunter Firm, 1514 Broadway, Ste. 101, Fort Myers, Florida 33901.

Further, pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, along with Defendant's Notice of Removed Action, has been filed with the Clerk of the Circuit Court for the Twentieth Judicial Circuit, Lee County, Florida.

WHEREFORE, Defendant requests this action currently pending in the Circuit Court for the Twentieth Judicial Circuit, Lee County, Florida be removed to the United States District Court for the Middle District of Florida.

/s/Angelique Groza Lyons
Angelique Groza Lyons, Fla. Bar No. 0118801
Megan M. McGinn, Fla. Bar No. 1018641
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
100 N. Tampa St., Suite 3350
Tampa, FL 33602
(813) 223-7166 / Fax: (813) 223-2515
alyons@constangy.com
mmcginn@constangy.com
tampa@constangy.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 2nd day of July, 2020, I electronically filed the foregoing with the Clerk of Court by using CM/ECF System, which will send a Notice of Electronic Filing, along with a true and correct copy of the foregoing via e-mail to Jason L. Gunter, Conor P. Foley, GUNTERFIRM, 1514 Broadway, Ste. 101, Fort Myers, FL 33901, Jason@GunterFirm.com, Conor@GunterFirm.com.

/s/Angelique Groza Lyons
Attorney for Defendant

9

6807489v.1