Filing # 108151379 E-Filed 05/29/2020 04:55:02 PM

IN THE CIRCUIT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL DIVISION

KAREN MARSHALL,

      Plaintiff,

vs.

                                   Case No.:

SWISSPORT FUELING, INC.,

      Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KAREN MARSHALL ("Marshall" or "Plaintiff") sues Defendant, SWISSPORT

FUELING, INC. ("Swissport" or "Defendant") and states:

## PRELIMINARY STATEMENT

1.    This is an action brought by Plaintiff against Defendant, her former employer, for

sexual harassment and unlawful retaliation pursuant to the Florida Civil Rights Act of 1992, Fla.

Stat. 760 *et seq.* ("FCRA").

## JURISDICTION & VENUE

2.    This is an action for damages greater than $30,000.00 and less than $75,000,

exclusive of costs, interest, and attorney's fees.

3.    Plaintiff is a resident of Lee County, Florida.

4.    Defendant is a Virginia Limited Liability Company which is registered with the

Florida Department of Corporations as a Foreign Corporation, has designated a Florida Registered

Agent for service of process, and does substantial business within the State of Florida, including

Lee County.

5.    At all times material to the allegations in this Complaint, Defendant engaged in

business in Lee County, Florida, including operating its business at 11850 Regional Lane, Unit 4,

1

Fort Myers, FL 33913. The unlawful employment practices described herein occurred in Fort Myers, where Plaintiff was employed by Defendant.

6.     Venue is proper in Lee County, Florida pursuant to Florida Statute § 47.051, because the cause of action occurred in Lee County, Florida.

## ADMINISTRATIVE PREREQUISITES

7.     On October 28, 2019, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations. Attached as **Exhibit A.**

8.     More than 180 days have passed since the filing of Plaintiff's Charge. The FCHR has not issued a determination on Plaintiff's Charge to date. Thus, Plaintiff has satisfied all administrative prerequisites under the FCRA.

9.     All conditions precedent to bringing this action have been performed or have occurred.

## STATEMENT OF FACTS

10.     Defendant is in the aviation fuel handling industry. Defendant handles fuel on behalf of airlines, airports, and fuel suppliers across the country and worldwide. This includes refueling aircraft at airports across the country.

11.     On June 19, 2019, Plaintiff was hired by Defendant as a "fueler" at the Southwest Florida International Airport.

12.     One week after being hired, on or around June 27, 2019, Plaintiff was sexually harassed by her supervisor, Peterson Illary. She was assigned to shadow Mr. Illary that day as a part of her training. During her shift, Plaintiff was alone with Mr. Illary in a work vehicle. Mr. Illary asked Plaintiff about her sexual orientation and her relationship with her girlfriend. Mr. Illary stated he wanted to have sex with Plaintiff and her girlfriend. He explicitly described how he would have sex with Plaintiff and stated "you know I could fuck you right?" Plaintiff told Mr. Illary that

2

his comments were not appropriate and made her very uncomfortable.

13.     The following day, while Plaintiff was sitting in the breakroom, Mr. Illary came up to her, complimented her hair, and tried to touch it. Plaintiff pulled away.  Mr. Illary then came very close to Plaintiff and put his groin area up to Plaintiff's face, almost making contact. Shocked and in fear, Plaintiff froze and tried to just ignore him and look forward. Plaintiff's co-worker, Kenya, witnessed this incident as well.

14.     The day after the second incident, Plaintiff made a complaint of sexual harassment per Defendant's policy. Defendant's Human Resources, Yolanda Rodriguez, traveled from Miami to Fort Myers perform an investigation.

15.     Upon information and belief, during the investigation, in addition to Plaintiff's own complaints, other female employees informed Ms. Rodriguez that they were also harassed by Mr. Illary.

16.     After nearly two weeks, on July 8, 2019, Ms. Rodriguez concluded that the result of the investigation was inconclusive. No action was taken to remedy the situation or prevent it from occurring in the future. Plaintiff was forced to continue her employment working with Mr. Illary, who remained in a supervisory capacity.

17.     Following the investigation, Defendant began to scrutinize Plaintiff, and reduced her scheduled hours to part time.

18.     On July 19, 2019, Plaintiff was terminated in retaliation for her complaints of sexual harassment.

## COUNT I
## SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT
## CHAPTER 760, FLORIDA STATUTES - §760.01-.11

19.     Plaintiff realleges Paragraphs 1 through 18 as if fully stated herein.

20.     At all material times, Defendant, employed more than 15 employees and was an

"employer" covered by The Florida Civil Rights Act, §760,02(7), Fla. Stat. (2017).

21.     At all times relevant to this action, Plaintiff was employed by Defendant.

22.     Plaintiff is female, which is a protected group under the FCRA.

23.     Plaintiff was subjected to unwelcome sexual remarks, statements, and advancements from her supervisor, which had the purpose and effect of creating a sexually-hostile work environment during her employment.

24.     The harassment was because of sex, and is therefore unlawful under the FCRA.

25.     The sexual harassment was of such a degree that it materially and permanently altered the terms and conditions of Plaintiff's employment.

26.     Plaintiff complained to Defendant's management and Human Resources regarding the harassment perpetrated by male supervisor, Mr. Illary. Several of Defendant's other employees witnessed Mr. Illary subjecting Plaintiff to unwelcome sexual advances and touching, and had similar complaints about his behavior.

27.     Defendant was negligent in controlling the working conditions and is vicariously liable for the sexually harassing behavior.

28.     As a direct, natural, proximate, and foreseeable result of Defendant CARRABBA'S violation of the FCRA, Plaintiff has suffered damages.

WHEREFORE, Plaintiff respectfully requests that final judgment be entered in her favor against Defendants and for recovery of all damages permitted by Florida Statute § 760.11(5) in amounts to be proven at trial, as follows:

        a.  Awarding Plaintiff back pay;

        b.  Awarding Plaintiff the value of lost benefits;

        c.  Awarding Plaintiff compensatory damages, including, but not limited to damages for mental anguish and loss of dignity;

d.   Awarding Plaintiff punitive damages in the amount of $100,000;

e.   Awarding Plaintiff reasonable attorney's fees and costs;

f.   Awarding Plaintiff prejudgment interest; and

g.   Ordering any other and further relief this Court deems to be just and proper.

## COUNT II
## SEXUAL HARASSMANENT – TANGIBLE EMPLOYMENT ACTION
## CHAPTER 760, FLORIDA STATUTES - §760.01-.11

29.   Plaintiff realleges Paragraphs 1 through 18 as if fully stated herein.

30.   Peterson Illary's conduct toward Plaintiff was because of sex, of a sexual nature, and severe.

31.   Plaintiff did not encourage, welcome, or consent to the behavior described herein.

32.   Therefore, the conduct constituted sexual harassment under the FCRA.

33.   The sexual harassment culminated in a tangible adverse employment action when Plaintiff was terminated on July 19, 2019.

34.   Because the sexual harassment culminated in a tangible employment action, constructive discharge, Defendant is strictly liable.

35.   As a direct, natural, proximate, and foreseeable result of Defendant's violation of the FCRA, Plaintiff has suffered damages.

WHEREFORE, Plaintiff respectfully requests that final judgment be entered in her favor against Defendants and for recovery of all damages permitted by Florida Statute § 760.11(5) in amounts to be proven at trial, as follows:

a.   Awarding Plaintiff back pay;

b.   Awarding Plaintiff the value of lost benefits;

c.   Awarding Plaintiff compensatory damages, including, but not limited to damages for mental anguish and loss of dignity;

d.   Awarding Plaintiff punitive damages in the amount of $100,000;

e.   Awarding Plaintiff reasonable attorney's fees and costs;

f.   Awarding Plaintiff prejudgment interest; and

g.   Ordering any other and further relief this Court deems to be just and proper.

## COUNT III
## RETALIATION
## CHAPTER 760, FLORIDA STATUTES - §760.01-.11

36.   Plaintiff realleges Paragraphs 1 through 18 as if fully stated herein.

37.   Fla. Stat § 760.10(7) provides as follows:

It is an unlawful employment practice for an employer . . . to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this section.

38.   Plaintiff engaged in a protected activity when she opposed unlawful and discriminatory employment practices and sexual harassment by Mr. Illary and complained and reported same to management.

39.   Following her report concerning Mr. Illary's harassing behavior, Defendant's management began to unfairly critique Plaintiff's performance and reduced her schedule to part time, which negatively and materially affected her earnings.

40.   Defendant failed to take remedial action in response to Plaintiff's complaints regarding the sexual harassment, hostile work environment, and the retaliation to which Plaintiff was subjected.

41.   Thereafter, Plaintiff suffered an adverse employment action when she was terminated on July 19, 2019.

42.   The adverse employment action is causally related to Plaintiff's engagement in a protected activity, in that the adverse employment action occurred within close temporal proximity

6

to Plaintiff's complaints and the unlawful activity engaged in by Mr. Illary.

43.     As a direct, natural, proximate, and foreseeable result of Defendant's violation of the FCRA, Plaintiff has suffered damages.

WHEREFORE, Plaintiff respectfully requests that final judgment be entered in her favor against Defendants and for recovery of all damages permitted by Florida Statute § 760.11(5) in amounts to be proven at trial, as follows:

  a.  Awarding Plaintiff back pay;

  b.  Awarding Plaintiff the value of lost benefits;

  c.  Awarding Plaintiff compensatory damages, including, but not limited to damages for mental anguish and loss of dignity;

  d.  Awarding Plaintiff punitive damages in the amount of $100,000;

  e.  Awarding Plaintiff reasonable attorney's fees and costs;

  f.  Awarding Plaintiff prejudgment interest; and

  g.  Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right.

**Dated: May 29, 2020**

Respectfully submitted,

/s/ Jason Gunter
Jason L. Gunter
Fla. Bar No. 0134694
Conor P. Foley
Fla. Bar No. 111977
*Counsel for Plaintiff*
**GUNTERFIRM**
1514 Broadway, Suite 101
Fort Myers, FL 33901
Tel: 239.334.7017
Email: Jason@GunterFirm.com
Email: Conor@GunterFirm.com

# EXHIBIT A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | | CHARGE NUMBER |
|---|---|---|
| X | FCHR | |
| X | EEOC | 510-2020-00610 |

EEOC and Florida Commission on Human Relations

| State or local Agency, if any | S.S. No. |
|---|---|

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Karen Marshall | (239) 334-7017 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| c/o GUNTERFIRM 1514 Broadway, Suite 101 | Fort Myers, FL 33901 | ▓▓▓▓ |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Swissport Fueling Inc. and Swissport USA, Inc. d/b/a Swissport | 50+ | +1 239-768-6696 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 11850 Regional Lane Unit 4, Fort Myers, FL 33913 | | Lee |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|

RECEIVED
OCT 28 2019
EEOC-MIAMI DISTRICT OFFICE

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | | DATE DISCRIMINATION TOOK PLACE EARLIEST (ADEA/EPA)   LATEST (ALL) |
|---|---|---|
| RACE   COLOR   X SEX   RELIGION   AGE | | From 6/27/2019 to 7/19/2019 |
| X RETALIATION   NATIONAL ORIGIN   DISABILITY   OTHER (Specify) | | CONTINUING ACTION |

I was initially hired by the Respondents, as a fueler on June 19, 2019 at Southwest Florida International Airport. My responsibilities included refueling the aircraft.

One week after being hired, on June 27, I was sexually harassed by a supervisor, Peterson Illary. While alone with Mr. Illary in a work vehicle, he asked me about my sexual orientation. He asked about my relationship with my girlfriend. He stated he wanted to have sex with us (my girlfriend and I). He explicitly described how he would have sex with me and stated "you know I could fuck you right." I made it very clear that his comments were not appropriate and made me very uncomfortable. He continued to discuss having sex with me while I ignored him.

The following day, while I was sitting in the breakroom, Mr. Illary came up to me, complimented my hair, tried to touch it (I pulled away), then he came very close to me and postured his groin area right up to my face, almost making contact. I froze and tried to just ignore him and look forward. My co-worker, Kenya, was a witness to this.

I reported the sexual harassment per company policy. Human Resources staff came from Miami to perform an investigation. Several female employees acknowledged that they and others were also harassed by Mr. Illary. Despite this, after nearly two weeks, on July 8, 2019, HR concluded that the result of the investigation was inconclusive. Mr. Illary was not counseled or reprimanded. No action was taken to remedy the situation or prevent it from occurring in the future. I was forced to continue my employment and to work directly with Mr. Illary who remained in a supervisory cap[a]rcity.

Following the investigation, the Respondents began to unfairly scrutinize me for my own conduct. Then my hours were reduced to part time followed by my termination on July 19, 2019.

I was subjected to severe and pervasive sexual harassment. The Respondents' actions were in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Florida Civil Rights Act, Ch. 760 Florida Statutes.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
| I declare under penalty of perjury that the foregoing is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| | SIGNATURE OF COMPLAINANT |
| 10/21/19 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |
| Date        Charging Party (Signature) | |

RECEIVED

OCT 28 2019

EEOC-MIAMI DISTRICT OFFICE